UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>        Plaintiff,<br><br>    v.<br><br>H&K PARTNERSHIP, a California partnership dba Best Economy Inn & Suites,<br><br>        Defendant. | Case No.: 1:16-cv-1406-AWI-JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR LACK OF STANDING |
| THERESA BROOKE,<br><br>        Plaintiff,<br><br>    v.<br><br>C & S CHONG INVESTMENT CORPORATION, a California corporation dba La Quinta Inn Bakersfield North,<br><br>        Defendant. | Case No.: 1:16-cv-1407-LJO-JLT |
| THERESA BROOKE,<br><br>        Plaintiff,<br><br>    v.<br><br>JDS HOSPITALITY GROUP, LLC, a California limited liability company dba Days Inn Bakersfield,<br><br>        Defendant. | Case No.: 1:16-cv-1408-DAD-JLT |

1

| | | |
|---|---|---|
| 1 | THERESA BROOKE, | Case No.: 1:16-cv-1409-AWI-JLT |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | JHP HOSPITALITY GROUP, INC., a California corporation dba Ramada Limited Bakersfield North, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | | |
| 8 | THERESA BROOKE, | Case No.: 1:16-cv-1410-LJO-JLT |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | D.P.R.L. INVESTMENTS, LLC, a California limited liability company dba Hotel Rosedale, | |
| 12 | | |
| 13 | Defendant. | |
| 14 | THERESA BROOKE, | Case No.: 1:16-cv-1411-DAD-JLT |
| 15 | Plaintiff, | |
| 16 | v. | |
| 17 | KOO JIN HYUN & CHU MYUNG HEE, trustees of the KOO JIN HYUN & CHU MYUNG HEE TRUST dba Hampton Inn & Suites Bakersfield North-Airport, | |
| 18 | | |
| 19 | | |
| 20 | Defendants. | |
| 21 | THERESA BROOKE, | Case No.: 1:16-cv-1414- LJO-JLT |
| 22 | Plaintiff, | |
| 23 | v. | |
| 24 | PRIME HOSPITALITY SERVICES, LLC, a California limited liability company dba Hampton Inn & Suites Bakersfield/Hwy 58, | |
| 25 | | |
| 26 | Defendant. | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | THERESA BROOKE, | Case No.: 1:16-cv-1415-LJO-JLT |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | RP GOLDEN STATE MGT, LLC, a California limited liability company dba Garden Suites Inn, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | ——————————————— | |
| 8 | THERESA BROOKE, | Case No.: 1:16-cv-1449-LJO -JLT |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | KPK, INC., a California corporation dba Travelodge Turlock, | |
| 12 | Defendant. | |
| 13 | | |
| 14 | ——————————————— | |
| 15 | THERESA BROOKE, | Case No.: 1:16-cv-1454-DAD-JLT |
| 16 | Plaintiff, | |
| 17 | v. | |
| 18 | LILJENQUIST MODESTO COMPANY, LLC, a California limited liability company dba Modesto Hotel, | |
| 19 | Defendant. | |
| 20 | | |
| 21 | ——————————————— | |
| 22 | THERESA BROOKE, | Case No.: 1:16-cv-1455- DAD-JLT |
| 23 | Plaintiff, | |
| 24 | v. | |
| 25 | METRO HOSPITALITY SERVICES, INC., a California corporation dba Hampton Inn Fresno NW, | |
| 26 | | |
| 27 | Defendant. | |
| 28 | | |

| | | |
|---|---|---|
| 1 | THERESA BROOKE, | Case No.: 1:16-cv-1456-LJO-JLT |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | JAYESHKUMAR PATEL, an individual; PRAFULBHAI PATEL, an individual, both individuals dba Budget Inn Modesto, | |
| 5 | | |
| 6 | Defendants. | |
| 7 | ──────────────────────────── | |
| 8 | THERESA BROOKE, | Case No.: 1:16-cv-1465-AWI-JLT |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | KHATRI BROTHERS, L.P., a California limited partnership dba Clarion Modesto, | |
| 12 | Defendant. | |
| 13 | | |
| 14 | ──────────────────────────── | |
| 15 | THERESA BROOKE, | Case No.: 1:16-cv-1499-AWI- JLT |
| 16 | Plaintiff, | |
| 17 | v. | |
| 18 | A&A TARZANA PLAZA, LP, a California limited partnership dba Hilton Garden Inn Clovis, | |
| 19 | | |
| 20 | Defendant. | |
| 21 | ──────────────────────────── | |
| 22 | THERESA BROOKE, | Case No.: 1:16-cv-1502-DAD- JLT |
| 23 | Plaintiff, | |
| 24 | v. | |
| 25 | AKSHAR, INC., a California corporation dba Parkside Inn Fresno, | |
| 26 | Defendant. | |
| 27 | | |
| 28 | | |

4

| | | |
|---|---|---|
| 1 | THERESA BROOKE, | Case No.: 1:16-cv-1503-DAD- JLT |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | THANDI ENTERPRISES, LLC, a California limited liability company dba Holiday Inn Express Fresno, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | _____ | |
| 8 | THERESA BROOKE, | Case No.: 1:16-cv-1505-DAD- JLT |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | BHAGAT BHAVESH, an individual dba Rodeway Inn Fresno, | |
| 12 | | |
| 13 | Defendant. | |
| 14 | _____ | |
| 15 | | |
| 16 | THERESA BROOKE, | Case No.: 1:16-cv-1506-DAD- JLT |
| 17 | Plaintiff, | |
| 18 | v. | |
| 19 | FRESNO AIRPORT HOTELS, LLC, a California limited liability company dba Ramada Fresno Airport, | |
| 20 | Defendant. | |
| 21 | _____ | |
| 22 | THERESA BROOKE, | Case No.: 1:16-cv-1508-LJO- JLT |
| 23 | Plaintiff, | |
| 24 | v. | |
| 25 | KAINTH BROTHERS, INC., a California corporation dba Country Inn Suites Fresno North, | |
| 26 | | |
| 27 | Defendant. | |
| 28 | | |

| | | |
|---|---|---|
| 1 | THERESA BROOKE, | Case No.: 1:16-cv-1509-LJO- JLT |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | SHIV HOTELS, LLC, a California limited liability company dba Hampton Inn Fresno, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | _____ | |
| 8 | THERESA BROOKE, | Case No.: 1:16-cv-1510-LJO- JLT |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | SHIVKRUPA INVESTMENTS, INC., a California corporation dba La Quinta Inn Suites Fresno, | |
| 12 | | |
| 13 | Defendant. | |
| 14 | _____ | |
| 15 | THERESA BROOKE, | Case No.: 1:16-cv-1511-LJO- JLT |
| 16 | Plaintiff, | |
| 17 | v. | |
| 18 | SHRIGI, INC., a California corporation dba Welcome Inn Fresno, | |
| 19 | Defendant. | |
| 20 | | |
| 21 | _____ | |
| 22 | THERESA BROOKE, | Case No.: 1:16-cv-1520-LJO- JLT |
| 23 | Plaintiff, | |
| 24 | v. | |
| 25 | THE DAE SUNG & HEE JAE CHA TRUST dba Quality Inn Tulare, | |
| 26 | Defendant. | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | THERESA BROOKE, | Case No.: 1:16-cv-1521-AWI- JLT |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | HANFORD INVESTORS, INC., a California corporation dba Comfort Inn Hanford, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | ———————————————— | |
| 8 | THERESA BROOKE, | Case No.: 1:16-cv-1522-LJO- JLT |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | INTERLINK PROPERTIES L.P., a California limited partnership dba Hampton Inn Visalia, | |
| 12 | | |
| 13 | Defendant. | |
| 14 | ———————————————— | |
| 15 | THERESA BROOKE, | Case No.: 1:16-cv-1529-DAD- JLT |
| 16 | Plaintiff, | |
| 17 | v. | |
| 18 | NMA HOSPITALITY LLC, a California limited liability company dba La Quinta Tulare, | |
| 19 | | |
| 20 | Defendant. | |
| 21 | ———————————————— | |
| 22 | THERESA BROOKE, | Case No.: 1:16-cv-1530-DAD- JLT |
| 23 | Plaintiff, | |
| 24 | v. | |
| 25 | TERRA INVESTMENTS I, LLC, a California limited liability company dba Charter Inn Suites, | |
| 26 | | |
| 27 | Defendant. | |
| 28 | | |

| | |
|---|---|
| THERESA BROOKE, | Case No.: 1:16-cv-1594-AWI- JLT |
| Plaintiff, | |
| v. | |
| PICADILLY INN UNIVERSITY, dba University Square Hotel, | |
| Defendant. | |
| THERESA BROOKE, | Case No.: 1:16-cv-1595-DAD- JLT |
| Plaintiff, | |
| v. | |
| DAYS INN OF FRESNO PARTNERSHIP, dba Days Inn Fresno Central, | |
| Defendant. | |
| THERESA BROOKE, | Case No.: 1:16-cv-1596-DAD- JLT |
| Plaintiff, | |
| v. | |
| PICADILLY INN EXPRESS, | |
| Defendant. | |

Plaintiff Theresa Brooke seeks to proceed with claims in each of the foregoing actions for violations of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act, and the California Disabled Persons Act.[1]

---

[1] *See* Case No. 1:16-cv-01406-AWI-JLT (Doc. 1), Case No. 16-cv-01407-LJO-JLT (Doc. 1); Case No. 1:16-cv-01408-DAD-JLT (Doc. 1); Case No. 1:16-cv-01409-AWI-JLT (Doc. 1); Case No. 1:16-cv-01410-LJO-JLT (Doc. 1); Case No. 1:16-cv-01411-DAD-JLT (Doc. 1); Case No. 1:16-cv-01414-LJO-JLT (Doc. 1); Case No. 1:16-cv-01415-LJO-JLT (Doc. 1); Case No. 1:16-cv-01449-LJO-JLT (Doc. 1); Case No. 1:16-cv-01454-DAD-JLT (Doc. 1); Case No. 1:16-cv-01455-DAD-JLT (Doc. 1); Case No. 1:16-cv-01456-LJO-JLT (Docs. 1, 4); Case No. 1:16-cv-01465-AWI-JLT (Doc. 1); Case No. 1:16-cv-01499-AWI-JLT (Doc. 1); Case No. 1:16-cv-01502-DAD-JLT (Doc. 1); Case No. 1:16-cv-01503-DAD-JLT (Doc. 1); Case No. 1:16-cv-01505-AWI-JLT (Doc. 1); Case No. 1:16-cv-01506-DAD-JLT (Doc. 1); Case No. 1:16-cv-01508-LJO-JLT (Doc. 1); Case No. 1:16-cv-01509-LJO-JLT (Doc. 1); Case No. 1:16-cv-01510-LJO-JLT (Doc. 1); Case No. 1:16-cv-01511-LJO-JLT (Doc. 1); Case No. 1:16-cv-01520-LJO-JLT (Doc. 1); Case No. 1:16-cv-01521-AWI-JLT (Doc. 1); Case No. 1:16-cv-01522-LJO-JLT (Doc. 1); Case No. 1:cv-01529-DAD-JLT (Doc. 1); Case No. 1:16-cv-1530-DAD-JLT (Doc. 1); Case No. 1:16-cv-1594-AWI-JLT (Doc. 1); Case No. 1:16-cv-1595-DAD-JLT (Doc. 1); and Case No. 1:16-cv-01596-DAD-JLT (Doc. 1)  Because the allegations to which the Court refers in its analysis are identical in each of the 28 cases, the citation to "Complaint" refers to the operative pleading in each case.

Plaintiff reports she resides in Pinal County, Arizona and is disabled and confined to a wheel chair. (Complaint, ¶1) She alleges the defendants' hotels—located throughout the Eastern District of California in Bakersfield, Fresno, Tulare, Modesto, and Sacramento—have "barriers to use of the swimming pool facilities" and "do not have acceptable means of entry for disabled persons." (Complaint, ¶ 4) However, Plaintiff fails to allege she visited the hotels and encountered the barriers, or facts supporting a conclusion that she has personal knowledge of the alleged barriers. Rather, in each complaint, Plaintiff alleges she "contacted Defendant's hotel for purposes of booking a room for personal and business affairs," and "inquired whether Defendant's hotel pool or Jacuzzi ("pool") had a pool lift or other means of access for disabled persons such as Plaintiff." (Complaint, ¶ 24) According to Plaintiff, hotel representatives at each of the defendants' hotels informed her there were no lifts. (*Id.*) She asserts her "agent, an expert in ADA accessibility guidelines, as part of due diligence investigation, independently verified that the Jacuzzi does not have a pool lift… and provided Plaintiff with photographs demonstrating the lack of accessibility." (Complaint, ¶ 25) Plaintiff alleges:

> But for these barriers, Plaintiff would lodge with Defendant in the near future. If and when Defendant removes these barriers, Plaintiff will lodge with Defendant's hotel since she has several upcoming planned visits to the…area. However, she will not pay money to book a room at Defendant's hotel when she already is aware through photographs and expert assertions that Defendant's hotel does not provide disabled persons such as her access equal to able-bodied persons.

(*Id.*) Plaintiff concludes that because she "is currently deterred" from staying at each of the hotels by the pool accessibility barrier, she has standing to bring the actions. (Complaint, ¶ 26)

As explained by the Supreme Court of the United States, "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "[T]he Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (quoting *Railway Mail Assoc. v. Corsi*, 326 U.S. 88, 93 (1945)). To satisfy the "case or controversy" requirement, a plaintiff must demonstrate standing under Article III to bring suit. *Human Life of Wash., Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010); *see also Skaff v. Meridien N. Am.*

*Beverly Hills, LLC*, 506 F.3d 832, 838 (2007) ("standing is an essential and unchanging part of the case-or-controversy requirement of Article III").

To establish standing—and thus that there is an actual case or controversy—a plaintiff "must demonstrate (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in the plaintiff's favor." *Human Life*, 624 F.3d at 1000 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  To establish standing to pursue injunctive relief under the ADA, a plaintiff must also "demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

Significantly, several courts have determined that merely calling to inquire about accessibility and potential barriers is insufficient to support a conclusion that the plaintiff has standing under the ADA.  *See, e.g., Brooke v. Kalthia Group Hotels*, 2015 U.S. Dist. LEXIS 156163, 2015 WL 7302736 (S.D. Cal. Nov. 11, 2015) (an ADA plaintiff has not suffered an injury-in-fact until he or she has "actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation"); *Brooke v. Ayres-Laguna Woods*, L.P., 2016 U.S. Dist. LEXIS 59863 (C.D. Cal. Apr. 12, 2016); *Brooke v. Joie de Vivre Hospitality LLC*, 2015 U.S. Dist. LEXIS 123316 (D. Az. May 20, 2015).  Indeed, "[d]riving by, or to the property, without staying in a hotel room or facing the allegedly discriminatory amenities is not sufficient to meet the 'case' or 'controversy' requirement." *Meggs v. MHD Vegas Realty Corp.*, 2016 U.S. Dist. LEXIS 21645 at *7 (D. Nev. Mar. 10, 2016) (citing *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1079 (D. Haw. 2000)).  Thus, because Plaintiff did not stay at—or even visit— the hotels and did not personally encounter the alleged barriers, it appears Plaintiff lacks standing under Article III to pursue her claims for violations of the ADA.[2]

///
///
///
///

---

[2] Plaintiff's complaints also contain claims for violations of California law.  However, the Court should not exercise jurisdiction over these claims if she lacks standing for her sole claim under federal law. *See* 28 U.S.C. § 1367(a).

Accordingly, within 14 days, Plaintiff **SHALL** show cause why the actions should not be dismissed for lack of standing and lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:  **October 26, 2016**                              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE